

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,580

**ALBERT JAMES TURNER, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON DIRECT APPEAL FROM CAUSE NO. 10-DCR-054233
### IN THE 268TH DISTRICT COURT
### FORT BEND COUNTY

**PER CURIAM. NEWELL, J., did not participate.**

### O R D E R

In June 2011, a jury convicted appellant of capital murder for intentionally murdering more than one person during the same criminal transaction. *See* TEX. PENAL CODE § 19.03(a)(7)(A). Pursuant to the jury's answers to the special issues set forth in Texas Code of Criminal Procedure article 37.071, sections 2(b) and 2(e), the trial judge sentenced appellant to death. TEX. CODE CRIM. PROC. Art. 37.071, § 2(g).[1] Direct appeal

---

[1] Unless otherwise indicated, all future references to Articles refer to the Code of Criminal Procedure.

to this Court was automatic.  Art. 37.071, § 2(h).

In the course of reviewing appellant's twenty-four points of error on direct appeal, this Court noted that, in fourteen of those points, appellant claimed that he was incompetent to stand trial or that the trial court should have paused the trial to conduct a formal competency hearing as his trial counsel repeatedly requested.  *See Turner v. State*, 422 S.W.3d 676, 679 (Tex. Crim. App. 2013).  After reviewing the events surrounding the competency issue, this Court sustained appellant's ninth point of error, abated the appeal, and remanded the cause to the trial court.  *Id*. at 696.  On remand, we ordered the trial court to "first determine whether it is presently feasible to conduct a retrospective competency trial, given the passage of time, availability of evidence, and any other pertinent considerations."  *Id*. at 696-97.  Secondly, "[s]hould the trial court deem a retrospective competency trial to be feasible," we ordered it to "proceed to conduct such a trial in accordance with Chapter 46B, Subchapter C, of the Code of Criminal Procedure." *Id*.  The record of the  proceedings on remand were then to be returned to this Court for reinstatement of the appeal.  *Id*.

Because it has been nearly three years since we remanded this case to the trial court, we order that court to immediately answer the following questions:

(1)  Is it presently feasible to conduct a retrospective competency trial, given the passage of time and the current availability of evidence? And,

(2)  If it is not feasible, then why is it not feasible?

The trial court shall send to this Court the written answers to these questions within ten

days of the date of this order.

   IT IS SO ORDERED THIS THE 19TH DAY OF OCTOBER, 2016.


Do Not Publish